# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-00945-RBJ

BYLINE BANK,

    Plaintiff,

v.

THREEWIT-COOPER CEMENT, CO.,
PLANEVIEW-WMI, LLC,
AND ROSS A. BERNSTEIN,

    Defendants,

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

This matter is before the Court on the Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55 ("Motion"), of Plaintiff, Byline Bank, an Illinois banking corporation, successor-by-merger with Ridgestone Bank ("Byline"), against Defendants, Threewit-Cooper Cement, Co., d/b/a MasonryDirect, d/b/a MasonryDirect.com ("TCC"), Planeview-WMI, LLC, d/b/a Wesso Metals, d/b/a Wesso, Inc. ("Planeview"), and Ross A. Bernstein ("Bernstein"). No response to the Motion has been filed. For the following reasons, the Court grants the Motion and default judgment shall enter in Byline's favor.

## BACKGROUND

This instant case is a collection action arising out of the breach of contractual obligations of TCC, Planeview, and Bernstein (collectively, "Defendants").

### A. Note 1 Loan Documents

In 2016, Byline and TCC entered into that certain revolving promissory note in the original principal amount of $350,000.00, which was amended and extended from time to time, most recently evidenced by that certain amended and restated promissory note in the principal amount of up to $800,000.00 (collectively, "Note 1"). (Doc. No. 1 at ¶ 7; Doc. No. 16-3 at ¶ 10, Ex. A). Note 1 is secured, in part, by a security agreement ("Note 1 Security Agreement"), wherein TCC granted Byline a first-priority security interest in all inventory, accounts, and other rights of payment of TCC ("Note 1 Collateral"). (Doc. No. 1 at ¶ 9; Doc. No. 16-3 at ¶ 12, Ex. C). Note 1 is further secured by a continuing guaranty executed by Bernstein ("Note 1 Guaranty"). (Doc. No. 1 at ¶ 10; Doc. No. 16-3 at ¶ 14, Ex. E).

On May 31, 2019, Note 1 matured and TCC failed to pay all amounts due and owing under Note 1. (Doc. No. 1 at ¶ 12; Doc. No. 16-3 at ¶ 15). As a result, Byline, TCC, Bernstein, and Planeview entered into a loan modification and forbearance agreement dated May 31, 2019, as amended by a loan modification and forbearance agreement dated November 30, 2019 (collectively, "Note 1 Forbearance Agreement"), that latter of which, among other things, extended the maturity date of Note 1 until November 30, 2020, and pursuant to which Planeview guaranteed TCC's obligations under Note 1. (Doc. No. 1 at ¶ 13; Doc. No. 16-3 at ¶ 16, Ex. F).

On November 30, 2020, TCC, Bernstein, and Planeview breached their obligations under the loan evidenced by Note 1 due to their failure to pay all amounts due and owing under Note 1 upon its maturity on November 30, 2020. (Doc. No. 1 at ¶ 21; Doc. No. 16-3 at ¶ 25). Despite Byline's express demands, TCC, Planeview, and Bernstein have failed and refused to pay the amounts due and owing under Note 1. (Doc. No. 1 at ¶ 23; Doc. No. 16-3 at ¶ 27, Ex. L).

### B. Note 2 Loan Documents

In 2016, Byline, TCC, and Bernstein entered into that certain U.S. Small Business Administration note in the original principal amount of $2,420,000.00 ("Note 2"). (Doc. No. 1 at ¶15; Doc. No. 16-3 at ¶ 18, Ex. G). Note 2 is secured, in part, by a U.S. Small Business Administration security agreement ("Note 2 Security Agreement"), wherein TCC and Bernstein granted Byline a first-priority security interest in all equipment, inventory, accounts, instruments, chattel paper, general intangibles, documents, deposit accounts, and certificated vehicles of TCC and Bernstein (collectively, "Note 2 Collateral"), including the following four certificated vehicles, which remain subject to Byline's lien:

a. 2004 Freightliner Truck, VIN 1FVABRAK84DM46502;

b. 1999 Kenworth Truck, VIN 1NKDLT9X3XJ827844;

c. 1995 Kenworth Truck, VIN 2NKMH77X0SM659822;

d. 1995 Mack Truck, VIN 2NKMH770SM659822.

(Doc. No. 1 at ¶ 17; Doc. No. 16-3 at ¶ 20, Ex. I). Note 2 is further secured pursuant to that certain U.S. Small Business Administration unconditional guarantee executed by Planeview ("Note 2 Guarantee"). (Doc. No. 1 at ¶ 19; Doc. No. 16-3 at ¶ 23, Ex. J). Events of default have occurred, and are continuing, under Note 2 due to, among other things, TCC's failure to timely make the monthly payments when due Note 2. (Doc. No. 1 at ¶ 22; Doc. No. 16-3 at ¶ 26). Despite express demand, TCC, Planeview, and Bernstein have failed and refused to pay the amounts due and owing under Note 2. (Doc. No. 1 at ¶ 23; Doc. No. 16-3 at ¶ 28, Ex. M).

### C. This Action

Byline's Complaint seeks to recover the Note 1 Collateral and Note 2 Collateral (collectively, "Collateral"), and hold TCC, Planeview, and Bernstein liable for all of Byline's

damages arising from TCC's, Planeview's, and Bernstein's breach of their obligations to Byline for the amounts due under Note 1 and Note 2 (collectively, "Notes"). The Notes entitle Byline to recover all amounts due and owing thereunder, as well as Byline's attorneys' fees and costs incurred in the enforcement of its rights under Note 1 and Note 2. To date, Byline has been unable to recover the Collateral.

Byline filed an Application for Entry of Clerk's Default against Planeview and Bernstein on April 30, 2021. (Doc. No. 12). The Clerk of Court entered default against Planeview and Bernstein on April 30, 2021. (Doc. No. 13). On May 7, 2021, Byline filed an Application for Entry of Clerk's Default against TCC. (Doc. No. 14). The Clerk of Court entered default against TCC on May 7, 2021. (Doc. No. 15).

Byline filed the instant Motion for Default Judgment on May 12, 2021. (Doc. No. 16). Therein, Byline moved the Court to: (1) enter default judgment in favor of Byline and against TCC, Planeview, and Bernstein, jointly and severally, in the amount of $2,393,894.95, plus interest; (2) award Byline its reasonable attorneys' fees and costs in the amount of $40,458.65 as a judgmetn against TCC, Planeview, and Bernstein, jointly and severally; (3) enter an Order of Possession in favor of Byline in and to the Collateral, presently in the possession of TCC and Bernstein, and causing the surrender or repossession of the Collateral. TCC, Planeview, and Bernstein have failed to respond to the Motion.

I.  **STANDARD OF REVIEW**

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum

certain," Fed. R. Civ. P. 55(b)(1), in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019) (citing *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014)). It "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In the context of a default judgment, a plaintiff "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II*

*Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

**II.    ANALYSIS**

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, a court must ensure it has subject matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on the basis of the pleadings and affidavits, that burden may be met by a prima facie showing." *Sharpshooter Spectrum Venture, LLC v. Consentino*, No. 09-cv-0150-WDM- KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (*citing Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact, which are admitted by a defendant upon default, support a judgment on the claims against the defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (plaintiff in a default action did not need to prove complaint's factual allegations; however, judgment must be supported by a sufficient basis in the pleadings).

A.    JURISDICTION

1.    <u>Subject Matter Jurisdiction</u>

The Court has diversity jurisdiction over the instant action. Byline is an Illinois corporation with its principal place of business in Illinois. (Doc. No. 1 at ¶ 1; Doc No. 16-3 at ¶ 5). TCC is a

Colorado corporation with its principal place of business in Colorado. (Doc. No. 1 at ¶ 2; Doc. No. 16-3 at ¶ 6). Planeview is a Texas corporation with its principal place of business in Texas. (Doc. No. 1 at ¶ 3; Doc. No. 16-3 at ¶7). Bernstein is a Colorado citizen. (Doc. No. 9; Doc. No. 16-3 at ¶ 8). The amount in controversy exceeds $75,000.00; Byline seeks $2,434,353.60, in damages, including interest accruing after May 6, 2021, and its reasonable attorneys' fees and costs (Doc. No. 16-3 at ¶ 50; Doc. No. 16-2 ¶ 27). Therefore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. Personal Jurisdiction

The Court also finds it has personal jurisdiction over TCC, Planeview, and Bernstein, because service was adequate and exercising jurisdiction over TCC, Planeview, and Bernstein comports with constitutional due process demands. *See Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d. 1235, 1241 (D. Colo. 2015); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F. 3d 1063, 1070 (10th Cir. 2008).

First, the Court finds that Byline's service of process upon TCC, Planeview, and Bernstein was complete and adequate, in accordance with Fed. R. Civ. P. 4. Byline personally served TCC with the Summons and Complaint on April 15, 2021. (Doc. No. 8). Byline personally served Planeview with the Summons and Complaint on April 8, 2021. (Doc. No. 8-1). Byline personally served Bernstein with the Summons and Complaint on April 8, 2021. (Doc. No. 8-2).

Next, the Court finds that exercising jurisdiction over TCC, Planeview, and Bernstein comports with constitutional due process demands. TCC and Bernstein are domiciled in the State of Colorado, and a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within the State of Colorado. Accordingly, the Court has personal jurisdiction over TCC, Planeview, and Bernstein.

B.　　FAILURE TO DEFEND

　　1.　　Defendants' Default.

It is manifest from the record that TCC, Planeview, and Bernstein have defaulted. Byline personally served Planeview with the Summons and Complaint on April 8, 2021. (Doc. No. 8-1). Byline personally served Bernstein with the Summons and Complaint on April 8, 2021. (Doc. No. 8-2). Byline personally served TCC with the Summons and Complaint on April 15, 2021. (Doc. No. 8). TCC, Planeview, and Bernstein have nevertheless failed to answer or otherwise respond to the Complaint and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered the entries of default for TCC, Planeview, and Bernstein. (Doc. Nos. 13, 15).

　　2.　　Liability

The Court also finds that Byline's Complaint, the exhibits thereto, the Declaration of Paul Quackenboss, the attachments thereto, and the additional documents submitted in support of Byline's Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762.

Note 1 provides that Illinois law shall govern the interpretation and enforcement. (Doc. 1, Ex. A ). Under Illinois law, a proper and adequate complaint based upon breach of contract must allege the existence of the contract purportedly breached by the defendant, the plaintiff's performance of all contractual conditions required of him, the fact of the defendant's alleged breach, and the existence of damages as a consequence. *Martin-Trigona v. Bloomington Federal Savings & Loan Association,* 428 N.E.2d 1028, 1031 (Ill. Ct. App. 1981).

Note 2 provides that Wisconsin law shall govern the interpretation and enforcement. (Doc. 1, Ex. H). In Wisconsin, breach of contract requires "(1) a contract between the plaintiff and the

defendant that creates obligations flowing form the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages." *Brew City Redevelopment Group, LLC v. the Ferchill Group*, 714 N.W.2d 582, 588 (Wis. Ct. App. 2006).

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of default judgment against TCC, Planeview, and Bernstein on Byline's breach-of-contract claim. First, Byline has established that TCC, Planeview, and Bernstein entered into valid contracts with Byline. (Doc. No. 1.) Byline attached true and correct copies of Note 1, Note 2 Loan Agreement, Note 1 Security Agreement, Note 1 Guaranty, Note 1 Forbearance Agreement, Note 2, Note 2 Loan Agreement, Note 2 Security Agreement, and Note 2 Guarantee to its Complaint. (Doc. No. 1, Exs. A, B, C, E, F, G, H, I, and J).

Pursuant to Note 1 and Note 2 and the loan documents associated therewith, Byline agreed to extend credit to TCC and Bernstein in exchange for a security interest in the Collateral, and TCC's, Planeview's, and Bernstein's agreement to repay the principal balances, plus interest. Byline performed under Note 1 and Note 2 by extending the agreed-upon credits to TCC and Bernstein. TCC and Bernstein retained the loans proceeds and benefits derived therefrom and then breached the Loan Document by failing to make payments under the Notes. (Doc. No. 16-3 at ¶¶ 25-26). TCC's, Planeview's, and Bernstein's breaches financially injured Byline. (Doc. No. 16-3 at ¶¶ 30-31, 33).

    3.    <u>Damages.</u>

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages

than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id*. (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. Byline requests an award of (1) the remaining principal amounts owed under Note 1 and Note 2; (2) interest on the remaining unpaid principal calculated at the contractually agreed-upon interest rates; (3) late charges and other fees; and (4) the attorneys' fees and costs incurred by Byline in the enforcement of its rights under the Loan Documents, including this lawsuit. (Doc. No. 16-3 at ¶¶ 30-31).

With respect to Byline's requests for an award of unpaid principal, interest, and late charges and other fees, Note 1, Note 2, and the Declaration of Paul Quackenboss (Doc. No. 16-3) demonstrate that TCC, Planeview, and Bernstein, jointly and severally, owed the aggregate amount of $2,393,894.95, under the Note 1 and Note 2, as of May 6, 2021, inclusive of principal, interest, and late fees. Accordingly, judgment shall enter against TCC, Planeview, and Bernstein, jointly and severally, owed a total of $2,393,894.95 for unpaid principal, interest, and late charges and fees due pursuant to the Note 1 and Note 2.

In sum, Byline has provided the Court with proof of the amount of damages, and the Court finds that entering judgment against TCC, Planeview, and Bernstein, jointly and severally, owed a total of $2,393,894.95 is warranted.

4. Attorneys' Fees and Costs.

In its Motion for Default Judgment, Byline requests an award of attorneys' fees and costs. The Loan Documents specifically permit Byline to recover its attorneys' fees and costs incurred in pursuing this action and repossessing the Collateral. (*See* Ex. A, p.2; Ex. B, ¶ 9.05; Ex. C, ¶ 3(d); Ex, E ¶ 5; and Ex, F ¶ 3.0, each of which specifically provide for the recovery of reasonable attorneys' fees and costs.) To date, Byline has incurred $40,458.65 in attorneys' fees and costs. (Gavenda Decl. ¶ 27). Those fees and costs are reasonable considering the nature of this action, the experience of Byline's counsel, and the amount in controversy.

In sum, Byline has provided the Court with proof of the amount of damages, and the Court finds that entering judgment against TCC, Planeview, and Bernstein, jointly and severally, in the amount of $40,458.65 is warranted.

5. Surrender and Repossession of Collateral.

Byline requests the issuance of an Order of Possession that causes TCC and Bernstein to surrender the Collateral. Pursuant to the Note 1 Security Agreement and Note 2 Security Agreement, TCC and Bernstein granted Byline a coordinate first-priority security interest in the Collateral, which entitles Byline to possession of the Collateral upon default. Byline perfected its security interest in the 2 Collateral by filing the Financing Statement with the Colorado Secretary of State and recording its liens against the Certificates of Titles. (Doc. No. 1 at ¶ 10, Ex. D; Doc. No. 16-3 at ¶ 21-22, Ex. K).

The Court finds that the Collateral depreciates and deteriorates as a result of its continued

use by TCC and Bernstein, with no commensurate value being conferred to Byline in the form of payments due and owing from TCC and Bernstein. Accordingly, the Court finds that TCC and Bernstein and other persons and firms having knowledge, possession, and/or control of the Collateral; are: (a) enjoined from continuing to use the Collateral; (b) ordered to advise Byline of the location of the Collateral; and (c) ordered to surrender the Collateral to Byline.

## III.　CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff, Byline Bank's Motion for Default Judgment (Doc. No. 16) is hereby GRANTED;

- Plaintiff is entitled to a judgment of $2,393,894.95 in damages, consisting of the aggregate unpaid principal, interest, and late charges and fees due under Note 1 and Note 2;

- Plaintiff is entitled to a judgment of $40,458.65 in damages, consisting of attorneys' fees and costs incurred in the enforcement of Note 1 and Note 2 and loan documents associated therewith;

- the Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $2,434,353.60;

- Defendants, and any other persons or firms with control over the Collateral shall immediately surrender the Collateral to Plaintiff, including, but not limited to, (i) all inventory and accounts and other rights to payment of Defendant, Threewit-Cooper Cement, Co., d/b/a MasonryDirect, d/b/a MasonryDirect.com and Ross A. Bernstein; (ii) all equipment, inventory, accounts, instruments, chattel paper, general intangibles, documents, deposit accounts, and numerous certificated vehicles of Defendants, Threewit-Cooper Cement, Co., d/b/a MasonryDirect, d/b/a MasonryDirect.com and Ross A. Bernstein; (iii) 2004 Freightliner Truck, VIN 1FVABRAK84DM46502; (iv) 1999 Kenworth Truck, VIN 1NKDLT9X3XJ827844; (v)

1995 Kenworth Truck, VIN 2NKMH77X0SM659822; and (vi) 1995 Mack Truck, VIN 2NKMH770SM659822.

- Defendants and other persons or firms having knowledge of this Order are enjoined from continuing to use or retain the aforementioned Collateral;

- Defendants must advise Plaintiff of the location of the aforementioned Collateral within 7 days of the date of this Order;

- The Clerk of Court is respectfully directed to close this case.

DATED this 23rd day of June, 2021.

By the Court

_____

R. Brooke Jackson
United States District Judge